UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD BRAYBOY, : | |
|    Plaintiff, : | |
|       vs. : | No. 3:11cv1042(WIG) |
| CITY OF BRIDGEPORT, : | |
| CAROLE PANNOZZO, and | |
| MARIA O'DWYER, : | |
|    Defendants. : | |

-------------------------------------------------------X

RULING ON PLAINTIFF'S MOTION TO OPEN DISCOVERY

     Plaintiff has moved to open discovery, pursuant to Rule 56(d), Fed. R. Civ. P., in order to "obtain discovery regarding issues newly raised by Defendant[s] in their defenses and affirmative defenses filed on January 17."  (Pl.'s Mem. 2).  More specifically, Plaintiff seeks discovery of the names, job titles, race, and gender of every employee of the City of Bridgeport who made a complaint of sexual harassment or racial discrimination/harassment during the period January 1, 2000, to December 31, 2012; all documents evidencing an investigation of these complaints; all documents evidencing a communication with law enforcement regarding these complaints; and information on the persons performing the investigations, the time lines of the investigations, and the conclusion, including any disciplinary action, of each investigation.  Plaintiff's counsel states that these facts are expected to establish that Defendant Pannozzo had a standard policy, practice and custom of investigating claims made by Caucasian employees while not investigating similar complaints by non-Caucasian employees.

     The Court denies Plaintiff's Motion for the following reasons:

1

First, Plaintiff's complaint does not allege a pattern and practice of discrimination in the investigation of complaints of sexual harassment and/or racial discrimination/harassment. Thus, this discovery has little, if any, relevance to the allegations of the complaint.

Second, Defendants' answer does not raise this issue other than setting forth the well-established legal principle that, in order to hold a municipality or an individual defendant sued in his or her official capacity liable for discrimination under § 1981 or § 1983, the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom. *See Monell v. Department of Social Services*, 436 U.S. 658, 692-94 (1978); *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004). Thus, Defendants' answer did not interject a new legal theory into the case.

Third, to the extent that Defendants' answer could be interpreted as raising any new issues, the Court entered a Scheduling Order on January 17, 2014, giving the parties until March 21, 2014, to pursue additional discovery limited to new issues raised by Plaintiff's Fourth Amended Complaint and any new defenses presented by Defendants. No discovery was propounded during this period, and no further extension of that discovery deadline was sought. Additionally, during a subsequent telephone status conference with counsel regarding the filing of a Suggestion of Death upon the record, counsel never requested an extension nor suggested that additional discovery was necessary.

Fourth, since January 17, 2014, this case has been set for jury selection on June 2, 2014. On March 20, 2014, Defendants filed a Motion for Summary Judgment. Plaintiff's response was due on April 10, 2014. No response was filed. The Motion to Open Discovery was not filed until April 17, 2014, just prior to a telephone status conference regarding the lack of substitution

2

of a party plaintiff and the upcoming jury trial. Thus, the Court finds that this motion is untimely.

Fifth, Plaintiff has not complied with the requirements for obtaining additional discovery to defeat a motion for summary judgment. As both sides recognize, counsel for the non-moving party must provide an affidavit setting forth (1) what facts are sought and how they are to be obtained; (2) how those facts are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain them; and (4) why the affiant was unsuccessful in those efforts. *See Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004); *Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995). At a minimum, Counsel's affidavit does not address the last two requirements in any way whatsoever.

Sixth, the discovery requested is overbroad and unduly burdensome and would lead to objections and unreasonable delays. Undoubtedly, it would also require that depositions be reopened.

Seventh, to the extent Plaintiff contends that this discovery is necessary to respond to Defendants' Motion for Summary Judgment, the Court notes that the motion relies solely on discovery that has already taken place.

Accordingly, the Court DENIES Plaintiff's Motion to Open Discovery [Doc. # 83] and Amended Motion to Open Discovery [Doc. # 85]. As discussed in the last telephone conference, the Court is not cancelling Jury Selection scheduled for June 2, 2014. In order for the Court to have an opportunity to issue a ruling on the pending Motion for Summary Judgment, the Court orders Plaintiff to file a response to the Motion for Summary Judgment no later than May 13, 2014 (which is also the date when there must be a substitution of the Plaintiff's Estate as a party

plaintiff).  To the extent that Defendants deem a reply brief necessary, it must be filed no later than May 16, 2014.  If they do not intend to file a reply, Counsel should immediately advise the Court after reviewing Plaintiff's response.

    SO ORDERED, this __1st__ day of May, 2014, at Bridgeport, Connecticut.

                                     /s/ *William I. Garfinkel*
                                     WILLIAM I. GARFINKEL
                                     United States Magistrate Judge