UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MONA BRAYBOY,[1] :
as Fiduciary of the Estate of
Ronnie Brayboy, :

Brayboy, :

vs. : No. 3:11cv1042(WIG)

CITY OF BRIDGEPORT, :
CAROLE PANNOZZO, and
MARIA O'DWYER, :

Defendants. :
-----------------------------------------------------X

RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION [Doc. # 95]

On May 21, 2014, this Court entered summary judgment in favor of Defendants on all counts of Plaintiff's complaint. In its ruling, the Court observed that Plaintiff had not filed a timely response to the motion and, consequently, the Court could have disregarded Plaintiff's response as untimely. However, because a ruling on the merits of Defendants' motion for summary judgment was required, the Court considered the substance of Plaintiff's response. The Court further noted that Plaintiff's response failed to comply with the Local Rules of Civil Procedure in that Plaintiff had not filed a Local Rule 56(a)2 Statement. Additionally, Plaintiff had not provided any sworn affidavits, deposition testimony, or other evidence envisioned by Rule 56, Fed. R. Civ. P., to defeat Defendants' properly supported motion for summary judgment.

[1] This action was originally filed by Ronnie Brayboy. Mr. Brayboy passed away earlier this year, and Mona Brayboy, the fiduciary of his estate, was substituted as Plaintiff. Throughout this decision, the Court has used "Brayboy" to refer to Ronnie Brayboy.

Plaintiff has now moved for reconsideration of the Court's ruling on the ground that the exhibits that should have been attached to her response were not "uploaded as Exhibits to the Opposition and it is not known why they were not." (Pl.'s Mot. for Recon. 1). Plaintiff has attached the exhibits to her motion for reconsideration and asks the Court to reconsider its ruling in light of this evidence.

The standard for granting a motion for reconsideration is strict in order to dissuade repetitive arguments on matters that have already been fully considered by the court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration will generally be denied "unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* Consequently, the function of a motion for reconsideration is "to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence." *LoSacco v. City of Middletown*, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (internal citations and quotation marks omitted), *aff'd,* 33 F.3d 50 (2d Cir. 1994); *see also Applera Corp. v. MJ Research, Inc.*, 404 F. Supp. 2d 422, 424 (D. Conn. 2005) (same). Thus, a party moving for reconsideration must demonstrate newly discovered facts exist that require consideration, an intervening change in the law, or the need to correct clear error or prevent manifest injustice. *Metro. Entm't Co. v. Koplik*, 25 F. Supp. 2d 367, 368 (D. Conn. 1998).

Here, the only possible ground for reconsidering the Court's earlier ruling would be to prevent a miscarriage of justice. Plaintiff has presented neither controlling decisions that the Court overlooked nor any newly discovered evidence. The evidence that has been submitted could have been, and should have been, submitted with the earlier response. Plaintiff offers no

explanation for the omission, other than her statement that she had received multiple error messages when attempting to upload documents on the cmecf website in recent weeks, apparently suggesting that the fault was with cmecf. These prior problems would suggest that counsel should have been even more diligent about assuring that she had successfully attached her exhibits to the responsive memorandum. Plaintiff offers no argument in support of her motion for reconsideration other than her own affidavit and the omitted exhibits.

The Court has reviewed the newly proffered evidence and has reconsidered its ruling to determine whether a miscarriage of justice would result if the summary judgment ruling were allowed to stand in light of this evidence. The Court can state unequivocally that no such manifest injustice has occurred. Indeed, the evidence presented in the deposition excerpts and exhibits provided by Plaintiff is consistent with the Court's recitation of the facts in its ruling.

Accordingly, the Court DENIES Plaintiff's Motion for Reconsideration [Doc. # 95].

SO ORDERED, this 7th day of July, 2014, at Bridgeport, Connecticut.

/s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge